**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TEXTRON, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THOMAS J. LOW, ) <br> ) <br> Defendant/Counterclaim ) <br> Plaintiff. ) <br> ) <br> ) | Case No. 12-1303-CM |

## **MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion for leave to amend his counterclaim. (Doc. 25). Plaintiff opposes the motion. For the reasons set forth below, the motion to amend shall be GRANTED.

### **Background**

Defendant formerly worked for plaintiff and left in 2011 to work for defendant's competitor, AirFinance Leasing Corp. LLC. Highly summarized, plaintiff alleges that defendant breached the "non-solicitation" provisions of an employee incentive contract and a severance contract agreement by soliciting and hiring three of defendant's employees to work for AirFinance. Plaintiff seeks return of $181,000 related to the incentive contract and an undisclosed amount related to severance benefits.

Defendant answered and asserted counterclaims seeking a declaratory judgment concerning the separation agreement (count I) and the incentive plan (count II). Defendant also asserted a counterclaim for tortious interference with a prospective business advantage (count III). Plaintiff moved to dismiss the tortious interference counterclaim for failure to allege sufficient facts to state a claim for relief. As explained in greater detail below, defendant opposed the motion to dismiss and also moved for leave to amend his counterclaim.

**Motion To Amend**

The standard for permitting a party to amend his pleading is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire,

---

[1] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

81 F.3d 969, 973 (10th Cir. 1996). "Untimeliness alone may be a sufficient basis for denial of leave to amend." Las Vegas Ice & Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Circuit, 1990).

Plaintiff argues that the motion to amend is both untimely and prejudicial. Specifically, plaintiff's counsel asserts that defendant was advised during an October 29, 2012 telephone call that Textron considered the tortious interference allegations inadequate and would file a motion to dismiss if the counterclaim was not amended. Plaintiff did not immediately move to dismiss but instead moved to amend its complaint on November 12, 2012. The parties agreed that the amended complaint rendered defendant's earlier answer and counterclaim moot and that defendant "could refile his counterclaims or add new ones when [defendant] filed his answer to Textron's soon-to-be-filed amended complaint." (Doc. 27, p. 2). Plaintiff filed its amended complaint on November 12, 2012 and defendant refiled his answer and tortious interference counterclaim on December 6, 2012. Contrary to plaintiff's earlier suggestions, defendant did not add any new factual allegations to his tortious interference counterclaim on December 6, 2012.

Consistent with its October warning, plaintiff moved to dismiss defendant's tortious interference counterclaim for failure to provide sufficient factual allegations stating a claim for relief. As noted above, defendant opposed the motion to dismiss and moved for leave to amend his counterclaim to add factual details to his counterclaim.

The gist of plaintiff's "untimeliness" objection to defendant's motion to amend is that defendant could have amended his counterclaim soon after the October 29 conference or on

December 6 when he filed his answer to plaintiff's amended complaint. Defendant counters that it took time for defense counsel to "flesh out more of the underlying facts in order to file the amended counterclaim." (Doc. 28, p. 2).

Review of defendant's proposed amended tortious interference counterclaim reveals the addition of extremely detailed factual allegations concerning: (1) the names of various witnesses, (2) Textron's threats to defendant and his prospective customer, and (3) the chronology of relevant events. Given the "spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities," the court is not persuaded that defendant's motion to amend should be denied based on "untimeliness." The scheduling order establishes a January 6, 2014 trial date and plaintiff has ample opportunity to conduct discovery and defend against the amended counterclaim.

In a closely related argument, plaintiff asserts that the amendment is prejudicial and, at minimum, plaintiff should be compensated for the attorney time spent preparing the motion to dismiss. The court is not persuaded that allowing the amendment is "unduly prejudicial." Moreover, contrary to plaintiff's suggestions, the circumstances surrounding the motion to amend do not rise to the level of bad faith, vexatious, or wanton conduct which would justify an award of attorney fees against defendant.

**IT IS THEREFORE ORDERED** that defendant's motion to amend his counterclaim **(Doc. 25)** is **GRANTED**. Plaintiff's request for attorney fees is **DENIED.**

IT IS FURTHER ORDERED that defendant shall file and serve his amended

counterclaim by **April 8, 2013.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of March 2013.

                                        S/ Karen M. Humphreys
                                        _____
                                        KAREN M. HUMPHREYS
                                        United States Magistrate Judge